IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-1443 MV |
| | ) | |
| **AMADO MARTIN VARGAS HERNANDEZ,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, AMADO MARTIN VARGAS HERNANDEZ, and Defendant's counsel, Richelle Anderson, Esq.:

### REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

        a.    to plead not guilty, or having already so pleaded, to persist in that plea;

        b.    to have a trial by jury; and

        c.    at a trial:

                1)    to confront and cross-examine adverse witnesses,

                2)    to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Count 2 of the information charging a violation of 16 U.S.C. §§ 703 and 707(a), that being unlawful possession of birds protected by the Migratory Bird Treaty Act (Class B Misdemeanor).

## SENTENCING

4. The Defendant understands the maximum penalty provided by law for this offense is:

   a. imprisonment for a period of up to a maximum of 180 days (Class B misdemeanor);

   b. a fine not to exceed the greater of $15,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c. up to one year of supervised release;

   d. a mandatory special penalty assessment of $10.00; and

   e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw

2

the defendant's plea of guilty.

7.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.     If this matter proceeded to trial, the Defendant understands the United States would be required to prove, beyond a reasonable doubt, the following elements for violation of the charge listed below:

Count 2: 16 U.S.C. §§ 703 and 707(a), that being unlawful possession of birds protected by the Migratory Bird Treaty Act (Class B Misdemeanor):

*First*:     The defendant, by any means or in any manner, did take with intent to possess;

*Second*:     Any migratory bird, or a part, nest, egg or product thereof, included in the terms of the conventions between the United States and the countries listed in 16 U.S.C. § 703 for the protection of migratory birds;

*Third*:     The defendant acted knowingly; and

*Fourth*:     The prohibited activity was not permitted or otherwise authorized.

## DEFENDANT'S ADMISSION OF FACTS

9.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge

3

that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **I, AMADO MARTIN VARGAS HERNANDEZ, unlawfully possessed by any means or in any manner without permission birds, and products thereof, protected by the Migratory Bird Treaty Act in violation of 16 U.S.C. §§ 703 and 707(a). Specifically, I unlawfully possessed on or about November 14, 2019, feathers and parts of Sharp-shinned hawks (*Accipiter striatus*), American Kestrels (*Falco sparverius*), Greater roadrunners (*Geococcyx californianus*), Red-tailed hawks (*Buteo jamaicensis*), Northern flickers (*Colaptes auratus*), White-winged doves (*Zenaida asiatica*), Crested Caracaras (*Caracara cheriway*), Cooper's hawks (*Accipiter cooperii*), Bald Eagles (*Haliaeetus leucocephalus*), Golden Eagles (*Aquila chrysaetos*), and Barred owls (*Strix varia*). These migratory bird feathers, parts, and products thereof, are protected under the conventions between the United States and the countries listed in 16 U.S.C. § 703 for the protection of migratory birds. I possessed these migratory bird feathers and parts thereof in Bernalillo County, in the District of New Mexico.**

10.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

**RECOMMENDATIONS**

11.     The United States and the Defendant recommend as follows:

    a.     The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific

4

sentence of one (1) year of probation is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. In addition, Defendant agrees to pay restitution in the amount of $250.00 payable to the North American Wetlands Conservation Fund Account pursuant to 18 U.S.C. § 3563(b)(2) and 16 U.S.C. § 4406(b).

b.     If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be

5

admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.      By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.      The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of one year of probation as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## RESTITUTION

17.     In this case, the Defendant agrees to pay restitution in the total principal amount of $ 250.00 for the North American Wetlands Conservation Fund Account, which is payable to the United States District Court Clerk. The Defendant acknowledges that the Defendant has the financial ability to pay the agreed-upon sum of restitution in full, and consents to the entry of an order providing that the entire amount is due in full immediately. No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office, and (2) a copy of the Defendant's most recent tax returns.

## FORFEITURE

18.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.   The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

19.     The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

> **Feathers parts, and products thereof, of Bald Eagles (*Haliaeetus leucocephalus*), Golden Eagles (*Aquila chrysaetos*), Sharp-shinned hawks (*Accipiter striatus*), American Kestrels (*Falco sparverius*), Greater roadrunners (*Geococcyx californianus*), Red-tailed hawks *(Buteo jamaicensis*), Northern flickers *(Colaptes auratus*), White-winged doves (*Zenaida asiatica*), Crested Caracaras (*Caracara cheriway*), Cooper's hawks (*Accipiter cooperii*), Barred owls *(Strix varia*), Turkey Vultures (*Cathartes aura*), and falcons (*Family: Falconidae*) seized during the execution of a search warrant on November 14, 2019.**

20.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

21.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

22.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.   The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

8

## WAIVER OF APPEAL RIGHTS

23.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a
defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the
Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence,
including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement,
as well as any sentence imposed below or within the Guideline range upon a revocation of
supervised release in this cause number. In addition, the Defendant agrees to waive any collateral
attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28
U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's
ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

24.     Provided that the Defendant fulfills the Defendant's obligations as set out above,
the United States agrees that:

     a.  Following sentencing, the United States will move to dismiss Count 1 of
       the Information charging violation of 16 U.S.C. § 668: Bald and Golden
       Eagle Act (Class A Misdemeanor);

     b.  The United States will not bring additional criminal charges against the
       Defendant arising out of the facts forming the basis of the present
       information.

25.     This agreement is limited to the United States Attorney's Office for the District of
New Mexico and does not bind any other federal, state, or local agencies or prosecuting
authorities.

9

## VOLUNTARY PLEA

26.     The Defendant agrees and represents that this plea of guilty is freely and

voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda). Defendant also represents that the Defendant is

pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

27.     The Defendant agrees that if the Defendant violates any provision of this

agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any

crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this

prosecution.

## SPECIAL ASSESSMENT

28.     At the time of sentencing, the Defendant will tender to the United States District

Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District

Court** in the amount of $10.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

29.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties. This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this <u>24th</u> day of <u>  May        </u>, 2021.

FRED J. FEDERICI
Acting United States Attorney


NOVALINE D. WILSON
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 224-1419


I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements of each offense to which he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


RICHELLE ANDERSON
Attorney for the Defendant


I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.


AMADO MARTIN VARGAS HERNANDEZ
Defendant

11